UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 15-CR-0106(2) (PJS/FLN) |
| | Case No. 17-CV-5377 (PJS) |
| Plaintiff, | |
| v. | ORDER |
| ANDREW INDELICATO PETERSON, | |
| Defendant. | |

Thomas Calhoun-Lopez and James S. Alexander, UNITED STATES ATTORNEY'S OFFICE.

Andrew Indelicato Peterson, pro se.

This matter is before the Court on defendant Andrew Indelicato Peterson's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. ECF No. 559. Peterson argues that his prior conviction for first-degree aggravated robbery is not a "crime of violence" for purposes of the United States Sentencing Guidelines in light of the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016). *Id.* at 5-6; *see also* ECF No. 560 at 4-5. He also argues that his counsel was ineffective at sentencing and on appeal for failing to anticipate and raise a *Mathis* claim. The Court disagrees on both counts and therefore denies Peterson's § 2255 motion.[1]

---

[1] Peterson also filed a motion to supplement that merely repeats the arguments made in his principal motion. ECF No. 562. Therefore, the Court also denies Peterson's motion to supplement.

I. BACKGROUND

Peterson pleaded guilty to being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 359. At Peterson's sentencing, Peterson objected to the factual assertion that, while in federal custody, he had been disciplined for assaulting another inmate. ECF 494 at 3. He also objected to the assignment of one criminal-history point to his 2010 conviction for possession of marijuana. *Id.* The Court declined to rule on the objections under Fed. R. Crim. P. 32(i)(3)(B) because they raised matters that would not affect sentencing. *Id.* at 3-4.

Peterson did not dispute that his prior conviction for first-degree aggravated robbery was a crime of violence for Guidelines purposes. He also agreed that, because his offense involved a semiautomatic firearm that was capable of accepting a large capacity magazine and because he had been convicted of a crime of violence, his base offense level was 22 under § 2K2.1(a)(3). The Court concluded that Peterson's total offense level was 30, that his criminal-history category was V, and that his imprisonment range, but for the 120-month statutory maximum, would be 151 to 188 months. *Id.* at 6-7. The Court then sentenced Peterson to 120 months imprisonment to run consecutive to an unrelated state sentence for possession of burglary tools. *Id.* at 15.

On appeal, Peterson—through counsel—challenged the Court's failure to rule on his objections and the Court's decision to run his federal sentence consecutive to his

state sentence.  *See United States v. Peterson*, 869 F.3d 620, 621 (8th Cir. 2017).  Peterson also filed a pro se brief and various motions seeking to argue that, after *Mathis*, his prior conviction for first-degree aggravated robbery was no longer a crime of violence.  The Eighth Circuit affirmed Peterson's conviction and declined to consider his *Mathis* claim.  *See id.*, Dkt. No. 31 (Oct. 5, 2017); *id.*, Dkt. No. 35 (Nov. 9, 2017).

## II.  ANALYSIS

Peterson argues that his counsel was ineffective for failing to anticipate and raise a *Mathis* claim at sentencing and on appeal.  Had counsel done so, Peterson argues, the Eighth Circuit would have found that, under *Mathis*, his prior conviction for first-degree aggravated robbery is no longer a crime of violence for purposes of § 2K2.1(a)(3) and remanded for resentencing.

Peterson is incorrect.  Minnesota's crime of first-degree aggravated robbery was a crime of violence before *Mathis*.  *See United States v. Rucker*, 545 F. App'x 567, 573 (8th Cir. 2013) ("Rucker's aggravated robbery conviction meets the definition of a 'violent felony' under the ACCA because it has as an element 'threatened use of physical force' against another. . . .").[2]  And it remains a crime of violence after *Mathis*.  *See United States v. Libby*, 880 F.3d 1011, 1016 (8th Cir. 2018) ("By its terms, Minn. Stat. § 609.245, subd. 1

---

[2]The force clause of the ACCA is substantively identical to the force clause of § 4B1.2, and the Eighth Circuit treats the two clauses "as interchangeable."  *United States v. Boose*, 739 F.3d 1185, 1187 n.1 (8th Cir. 2014).

[defining first degree aggravated robbery] minimally requires that a defendant communicate a threat of violent force.  As such, the elements of Minn. Stat. § 609.245, subd. 1 categorically present a 'violent felony' under the ACCA."); *see also United States v. Powell*, No. 17-1349, 2018 WL 1801732, at *1 n.1 (8th Cir. Apr. 17, 2018) ("At the time of sentencing, this court had not yet considered whether Powell's Minnesota aggravated robbery and Minnesota simple robbery convictions qualified as a [sic] violent felonies.  Since then, however, we have determined that both offenses qualify as violent felonies." (citing *Libby*)).

The Court also notes that, even if Peterson's argument was correct on the merits (which it is not), a Guidelines error, standing alone, is rarely grounds for relief under § 2255.  Section 2255 authorizes a defendant to challenge a sentence that "was imposed in violation of the Constitution or laws of the United States, or that . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  But § 2255 does not provide a remedy for "'all claimed errors in conviction and sentencing.'"  *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc) (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  Specifically, "ordinary questions of guideline interpretation" generally "may not be re-litigated under § 2255," as long as the defendant's sentence does not "exceed[ ] the statutory maximum for the offense of conviction."  *Id.* at 704-06 (citations omitted).  Peterson's 120-month sentence

did not exceed the 120-month statutory maximum, and the Eighth Circuit has already held that Peterson's sentence is "substantively reasonable." *Peterson*, 869 F.3d at 621.

Because Peterson's prior conviction for first-degree aggravated robbery is in fact a crime of violence under *Mathis*, Peterson's counsel was not ineffective in failing to argue otherwise at sentencing or on appeal.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant's motion to vacate, set aside, or correct his sentence [ECF No. 559] is DENIED.

2. Defendant's motion to supplement [ECF No. 562] is DENIED.

3. No certificate of appealability will issue.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated:  April 24, 2018                     s/Patrick J. Schiltz
                                           Patrick J. Schiltz
                                           United States District Judge